UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**MIKEL REEVES,**<br><br>Defendant. | Case No. 25-MJ-163 (MAU) |

**GOVERNMENT'S MEMORANDUM**
**IN SUPPORT OF PRETRIAL DETENTION**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits this Memorandum in support of its Motion for Pretrial Detention of Defendant Mikel Reeves under 18 U.S.C. § 3142(f)(1)(E) (felony involving firearm). On August 20, 2025, officers with the Metropolitan Police Department ("MPD") saw a burning cigarette inside of a vehicle in which the defendant had been seated in the front passenger's seat. When the officers opened the passenger's door, they immediately observed a firearm on the passenger floorboard, where the defendant had been sitting moments earlier. They also observed a backpack on the passenger floorboard near the firearm, which contained over one-half of a pound of marijuana, scales, and over two hundred baggies, clear indicia of drug distribution. Defendant Reeves was charged *via* criminal complaint with Possession of a Controlled Substance with the Intent to Distribute, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(D), and Possession of a Firearm During and in Furtherance of a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c). A consideration of the factors under 18 U.S.C. § 3142(g) demonstrates there is no condition or combination of conditions that could reasonably assure the safety of the community. Accordingly, this Court should detain Reeves while he awaits trial.

1

## BACKGROUND

On August 20, 2025, at approximately 9:06 p.m., officers with the Metropolitan Police Department (MPD) Fifth District Crime Suppression Team were conducting routine patrol in full uniform alongside agents from the Federal Bureau of Investigation (FBI), Department of Homeland Security (DHS), and Immigration and Customs Enforcement (ICE). All law enforcement members from agencies outside of MPD wore civilian clothing but had insignia which identified them as law enforcement.

Through their knowledge and training, the MPD officers were aware that narcotics are regularly sold in the vicinity of 400 Rhode Island Avenue Northeast, Washington D.C. As they drove southbound in the 2300 block of 4th Street Northeast, Officers Vanriel, Gatewood, Medina, De'Plour, and Sergeant Rosa were therefore alert to indicia of narcotics sale, possession, and use. As they travelled down 4th Street, they observed a white Honda bearing D.C. tags JK9527 parked alongside a gas pump at a BP Gas Station located at 400 Rhode Island Avenue Northeast, Washington D.C. Officers observed two occupants, one seated in the driver's seat and one seated in the front passenger's seat. Both front doors were open. Officers observed the driver, later identified as Treyvon Cooper, seemingly notice the marked police cruiser, exit the Honda, close the door, and walk away. Cooper walked out of the gas station lot and entered a liquor store adjacent to the gas station.

As they were driving by and parallel with the Honda, officers observed the front passenger, later identified as defendant Reeves, take a draw on what was later identified to be a hand-rolled marijuana cigarette. Officers also observed a large cloud of smoke emanating from the front passenger compartment. Based on their knowledge and training, as well as the density of the cloud of smoke, the officers believed the smoke to be more consistent with marijuana than a regular

2

cigarette. At that point, the officers also smelled the odor of freshly burnt marijuana. When Reeves seemingly took notice of the marked police cruisers, like Cooper, he also exited the Honda, closed the door, and walked away.

Upon observing the actions of Cooper and Reeves leaving the vehicle when they observed the presence of law enforcement, the presence of smoke emanating from the vehicle, and the smell of burnt marijuana around the vehicle, Officers believed the actions of Cooper and Reeves to be consistent with individuals attempting to separate themselves from contraband (narcotics, firearms, or both) inside the vehicle. Officers exited their vehicles to investigate further. As Reeves walked in the same direction as Cooper, officers stopped him. The officers stopped Cooper inside of the liquor store.

Using his flashlight, Sergeant Rosa looked through the windows into the vehicle and observed an apparently lit and still burning cigarette near the center console. Due to the proximity of the gas pump, Sergeant Rosa opened the car door to extinguish the cigarette. When Sergeant Rosa opened the car door, he immediately observed a firearm on the front passenger floorboard alongside a black and yellow bookbag:



*Figure 1: Gun and Backpack on Floorboard*

The Department of Forensic Science responded and recovered a .357 caliber black Glock 32. The weapon was loaded with 1 round in the chamber and 12 rounds loaded into a 13-capacity magazine. The weapon had a serial number of BWMX675.

Officer Vanriel then conducted a search of the vehicle and its contents. Inside the black and yellow bookbag were the following items:

1. 221 clear sandwich bags;
2. 1 clear bag containing green leafy substance, weighing 285.5 grams with packaging that field tested positive for THC;
3. 1 small clear bag containing green leafy substance weighing 1.5 grams; and
4. 1 black digital scale.



*Figure 2: Marijuana and Digital Scales*

Recovered from next to the center console was a white marijuana cigarette, which tested positive for THC.



*See Figure 3: Lit Marijuana Cigarette*

Recovered from Cooper was $90.00 in US Currency in the following denominations:

5

1. 3- $20.00
2. 2-$10.00
3. 2- $5.00

Recovered from Reeves was $150.00 in US Currency in the following denominations:

1. 1-$50.00
2. 3-$20.00
3. 1-$10.00
4. 6-$5.00

Cooper spontaneously uttered a statement indicating that the vehicle was registered to his girlfriend. A records check revealed that the Honda was registered to an individual with a female's name. Cooper also spontaneously uttered a statement indicating that he had just picked up Reeves from around 3rd Street.

A Wales/NCIC check of the firearm serial number revealed that it was unregistered in the District of Columbia. A query of DC gun Registry and Wales/NCIC revealed that Reeves did not have a license to carry a firearm, nor did he have any firearms registered to him.

Based on the facts detailed *supra*, on August 22, 2025, the defendant was charged by Complaint with Possession of a Controlled Substance with the Intent to Distribute, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(D), and Possession of a Firearm During and in Furtherance of a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c). At the defendant's initial appearance on August 25, 2025, the United States sought the defendant's detention pending trial pursuant to the the federal bail statute. The Court set a detention hearing for Thursday, August 28, 2025.

## ARGUMENT

Under the federal bail statute, a defendant must be detained pending trial if the Court determines that "no condition or combination of conditions will reasonably assure the appearance of [a defendant] as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). In determining whether any condition or combinations of conditions will assure the safety

of the community, the Court weighs four factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) his history and characteristics; and (4) the nature and seriousness of the danger that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g). The facts and circumstances in this case demonstrate that there is no condition or combination of conditions that would assure appearance of the defendant in court or the safety of the community were he to be released. *See* 18 U.S.C. § 3142(e)(1).

For a detention decision based upon a dangerousness, the government must prove by clear and convincing evidence that there are no conditions or combinations of conditions that will assure the safety of the community. *See* 18 U.S.C. § 3142(f); *United States v. Smith*, 79 F.3d 1208, 1209 (D.C. Cir. 1996). At a detention hearing, the government may present evidence by way of a proffer. *Id*. at 1209-10. In making this determination, the "rules concerning the admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing." 18 U.S.C. § 3142(f).  Moreover, the government is not required to "spell out in precise detail how the government will prove its case at trial, nor specify exactly what sources it will use." *United States v. Martir*, 782 F.2d 1141, 1145 (2d Cir. 1986), *see also United States v. Williams*, 798 F. Supp. 34, 36 (D.D.C. 1992).  A pretrial detention hearing should not be used as a discovery device and cross-examination should be limited to the disputed issues. *See Smith*, 79 F.3d at 1210, *see Williams*, 798 F. Supp. at 36.

Where, as here, there is probable cause to believe that the defendant committed violations of 21 U.S.C. § 841 and 18 U.S.C. § 924(c)(1), there is a rebuttable presumption of detention under 18 U.S.C. § 3142(e)(3)(A) and (B). Accordingly, "[s]ubject to rebuttal by the [defendant], it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is

probable cause to believe that the person committed" the predicate offense. *Id*. § 3142(e)(3). The Complaint, standing alone, constitutes probable cause that the person charged committed the offenses charged and is "enough to raise the rebuttable presumption that no condition would reasonably assure the safety of the community." *United States v. Smith*, 79 F.3d 1208, 1210 (D.C. Cir. 1996); *accord United States v. Williams*, 903 F.2d 844, 844 (D.C. Cir. 1990). As the D.C. Circuit has explained, "the presumption operate[s] *at a minimum* to impose a burden of production on the defendant to offer some credible evidence contrary to the statutory presumption." *United States v. Alatishe*, 768 F.2d 364, 371 (D.C. Cir. 1985). But even if the burden of production is met, the presumption "does not disappear entirely," but rather "remains a factor to be considered among those weighed by the district court." *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001).

## I. The Nature and Circumstances of this Offense Merits Detention.

The first factor to be considered, the nature and circumstances of the offenses charged, weighs in favor of detention. Here, the available evidence suggests that the defendant was in possession of a loaded firearm while possessing marijuana with the intent to distribute it. Possessing an unlawful firearm is inherently dangerous to the public. *See United States v. Gassaway*, No. 21-cr-550 (RCL), 2021 WL 4206616, at *3 (D.D.C. Sept. 16, 2021) (collecting cases in this district holding that unlawful firearm possession is dangerous to the public). And the combination of drugs and a loaded firearm is even more "troubling." *United States v. Kent*, 496 F. Supp. 3d 500, 502 (D.D.C. 2020), *aff'd* (Nov. 5, 2020) (finding that a defendant should be detained pretrial in part because "the firearm recovered . . . had a round already chambered, making the circumstances even more troubling."). Here, the defendant possessed a chambered firearm – that is, a firearm that was primed and ready to be fired with a single pull of the trigger – equipped with twelve additional rounds of ammunition, distribution-quantities of a controlled substance, and the instruments with which to weigh and package that controlled substance

for sale.

Moreover, the defendant possessed the loaded firearm and over one-half pound of marijuana not in his home or in a contained space. Instead, the defendant brought both into public, driving around in a vehicle with the contraband, exposing any citizen to the danger inherent in selling drugs while armed. Any one of these factors—possession of loaded and chambered firearm, possession of marijuana and the means to sell it, possessing both while driving around in a vehicle—would be concerning, but all are present in this case. Indeed, the seriousness of the defendant's offense is reflected in his exposure to a lengthy period of incarceration, where he faces a five-year mandatory minimum sentence and up to life given the gravity of his conduct. In sum, the nature and circumstances of the defendant's conduct weighs in favor of detention.

### II.     The Weight of the Evidence Against the Defendant is Strong.

The second factor to be considered, the weight of the evidence, also weighs in favor of detention. The evidence against Defendant Reeves is powerful. Officers observed—and body worn camera footage corroborates—that the Defendant was seated in the passenger's seat of the vehicle, where the drugs and gun were found. The nexus between the defendant and the gun and contraband inside the backpack bag is strengthened by the positioning of both items on the floorboard. The backpack was standing upright and situated such that it would have been positioned squarely between the defendant's legs when seated in the passenger seat of the car. Moreover, the firearm was positioned in such a manner that it was readily available and within arms grasp of the defendant. *See* Figure 1. Significantly, the firearm, as it was positioned when recovered, would not have been visible to the driver, further strengthening the defendant's nexus to the firearm. "[I]f the evidence against a defendant is overwhelming, credible, helpful, and important to the government's case in chief, that may increase the risk that defendant will flee to avoid future court proceedings and may indicate that

the defendant is a present danger to himself or the community if the government's allegations later prove to be true." *United States v. Blackson*, 2023 WL 1778194 at *10. This is such a case, and Defendant Reeves should be detained pretrial.

### III.     The Defendant's History and Characteristics Do Not Tip Scales Either Way.

The third factor, Defendant Reeve's history and characteristics, neither favors detention nor favors pre-trial release. The defendant is 19 years old and appears to have a high school education, based on the Pretrial Services Report. He also appears to be employed, and has been for approximately two years, while living with his mother in Northwest, D.C. The defendant is therefore old enough to appreciate the criminality of his behavior. Nor can the defendant claim that he must sell drugs in order to maintain a roof over his head where he has consistent and reliable employment and family who provide him with a stable home. Admittedly, the defendant does not have a criminal history. On balance, therefore, this factor is neutral.

### IV.     Defendant Reeves Presents a Danger to the Community.

The fourth and final factor, danger to any person or the community posed by Defendant Reeve's release, weighs in favor of detention. First, the defendant possessed a controlled substance with the intent to distribute it. Second, he did so while armed, heightening the danger to himself and others in the community. Third, he did so while apparently smoking marijuana. That he left a burning cigarette in a vehicle parked beside a gas pump further demonstrates his lack of concern for the safety of others, highlighting the dangerousness of his conduct.

### CONCLUSION

Defendant Reeves committed an extremely serious and dangerous offense. The statutory factors the Court is required to consider weigh in favor of pretrial detention. And given the rebuttable presumption of detention in this case, there is no reason to believe that any condition or

combination of conditions of release would reasonably assure the safety of the community. The Government respectfully requests that the Court issue an Order granting its motion that Defendant Reeves be held without bond pending trial.

        Respectfully submitted,

        JEANINE FERRIS PIRRO
        UNITED STATES ATTORNEY

By:        /s/ *Christopher R. Howland*
        Christopher R. Howland
        D.C. Bar No. 1016866
        Assistant United States Attorney
        U.S. Attorney's Office
        601 D St NW
        Washington, D.C. 20530
        Office: 202-252-7106
        Christopher.Howland@usdoj.gov